Valenhoff, Demandante y Apelante, *v.* Aponte, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de compraventa por vicio redhibitorio.

No. 2159.—Resuelto en abril 20, 1920.

Compra Venta de Animales Afectados de Enfermedad Contagiosa — Acción Redhibitoria—Causa de Acción.—En una demanda basada en el artículo 1397 del Código Civil, no basta alegar que los animales vendidos enfermaron de muermo tres o cuatro días después de celebrado el contrato, sino que es preciso consignar que los animales padecían de dicha enfermedad contagiosa al tiempo de verificarse la venta.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. R. Sánchez Montalvo.*

Abogado del apelado: *Sr. A. S. Poventud.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La demanda en este pleito se presentó originalmente en la Corte Municipal de Ponce. Se alegó en ella que el demandante compró al demandado el 2 de noviembre de 1917 una pareja de caballos por el precio de $350; que ambos caballos murieron de muermo, enfermedad contagiosa, que se presentó a uno de ellos tres o cuatro días después de verificada la compra y al otro algún tiempo más tarde. El pleito se falló en la corte municipal en contra del demandante.

No conforme éste apeló para ante la corte de distrito.

Señalado día para la vista, se practicaron las pruebas y terminada dicha práctica "el demandado sometió a discusión la excepción previa alegada de que la demanda no contiene hechos suficientes para determinar una causa de acción." La corte tomó bajo su consideración el caso en su totalidad y lo decidió también en contra del demandante. En su opinión la corte de distrito se expresó así:

"Y ahora la corte, vistos los artículos 1397 y 1400 del Código Civil, resuelve que debe declarar con lugar la excepción previa alegada por el demandado. Y examinada detenidamente la evidencia presentada por ambas partes, la corte llega a la conclusión de que ella no justificaría nunca una sentencia contra el demandado, aunque la demanda hubiese sido suficiente en derecho."

Volvió a apelar el demandante, esta vez para ante la Corte Suprema, alegando que la corte de distrito había errado al no dar aplicación al artículo 1397 del Código Civil, al aplicar indebidamente el artículo 1400 del propio cuerpo legal y al apreciar la prueba.

El artículo 1397 que, según el propio apelante, es la ley reguladora de este caso, dispone que "no serán objeto del contrato de venta los ganados y animales que padezcan enfermedades contagiosas. Cualquier contrato que se hiciere con respecto de ellos será nulo", y la verdad es que aplicando ese artículo es necesario reconocer que la demanda no aduce hechos suficientes para determinar una causa de acción, porque no alega expresamente que al celebrarse el contrato estuvieran los caballos padeciendo de muermo, enfermedad contagiosa.

Parece que el demandante sostiene que tal alegación consta implícita en la demanda ya que en ella se consigna que la enfermedad se presentó a uno de los caballos tres o cuatro días después de comprada la pareja, afirmación que envuelve, según él, la de que habían necesariamente contraído la enfermedad al tiempo de ser vendidos. A este respecto se presentó como prueba la declaración del veterinario Angel C. Pou quien dijo que el tiempo que tardaba en desarrollarse

la enfermedad dependía de la manera del contagio "por ejemplo, si es inoculado el animal por un *virus* activo ese animal puede presentar síntomas de tres a cinco días; si la inoculación se hace por un medio natural, ingerida por la vía buco gástrica, puede presentar síntomas en un mes y hasta tres meses". El veterinario examinó el caballo treinta y nueve días después de comprado y a la pregunta concreta que se le hizo de si habiendo en consideración los síntomas que presentaba podía asegurar que estuviera enfermo treinta y nueve días antes, contestó: "Es difícil decir, porque presentaba la inflamación de la pata, la cual presentaba síntomas de agudeza que solamente se ven en un período de una semana." Después siguió contestando el testigo a otras preguntas y sus manifestaciones fueron en verdad vagas e inciertas.

La prueba, examinada en conjunto, demostró que el demandante antes de comprar los caballos los probó y los encontró acceptables, y que una vez adquiridos, hizo con ellos un viaje a Villalba. El cochero dijo que regresaron a Ponce de ese viaje a los tres días y que ya uno de los caballos empezó a mostrar síntomas de la enfermedad, pero el dueño de la cuadra si bien confirma lo de los síntomas dijo que el regreso no se hizo hasta seis o siete días después de haber salido.

Siendo ese, en síntesis, el resultado de las alegaciones y las pruebas, no habiéndose alegado ni demostrado que los animales estuvieran padeciendo de enfermedad contagiosa, en el momento de la venta, regúlese este caso por el precepto invocado por el mismo demandante, aplíquese el artículo 1400 citado por la parte demandada, o ténganse en cuenta los dos, como al parecer los tuvo la corte sentenciadora, opinamos que ésta estuvo enteramente justificada al desestimar la demanda y en su consecuencia que debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.